THE PEOPLE, *ex rel.* Charles Guidet, *vs.* ANDREW H. GREEN, Comptroller of the City of New York.

A mandamus will not lie to compel the payment of a money demand on contract, where a proper remedy by action exists; especially where the facts upon which the claim is based are disputed.

Although there may be cases of claims against a city, where a mandamus is proper—as where it is asked for by reason of the refusal of some officer to do his part of the duty necessary to enable the claimant to obtain his pay, if the claim is not disputed; or where some duty is to be performed, other than the mere payment of a debt; or where the remedy by action is inappropriate—yet it will not be granted against the comptroller to compel the payment of money claimed to be due upon a contract for labor, where the comptroller denies the validity of the contract, charges that it was illegally made, and that the prices charged are excessive.

APPEAL, by the relator, from an order made at a Special Term, denying a motion for a mandamus.

In 1872, an act passed the legislature, being chapter 872 of the laws of that session, in which was a section in the following words:

"§ 6. The commissioner of public works, in the city of New York, is hereby authorized and directed to regulate, grade, pave, sewer, and otherwise improve Laurens street or South Fifth avenue, from Canal street to Fourth street, also that portion of the street or avenue known as Church street, from Fulton street to Morris street, by day's work or by contract, or in such manner as the commissioner of public works may deem expedient; and the comptroller of the city of New York is hereby authorized and directed to borrow, from time to time, in the name of the mayor, aldermen and commonalty of the city of New York, by the issue of assessment bonds, bearing such rate of interest as he may deem proper, not exceeding seven per cent. per annum, such sum as shall be necessary to pay all expenses incurred, or to be incurred, as aforesaid," &c.

Under that statute, the commissioner of public works, on the 19th June, 1872, made two contracts with Guidet, the relator, for making the improvements mentioned.

The People *v.* Green.

Guidet went on with the work and completed the contracts, so that on the 18th of January, 1873, there was due to him a balance on South Fifth avenue of $53,806.16, and a balance on Church street of $55,753.46. The whole amount of the work on South Fifth avenue was $92,623.48, on which he was paid by the comptroller two sums, viz., $4,497.55, on August 7, 1872, and $32,879.10, on October 24, 1872. The whole amount of work on Church street was $65,644.09, on which he was paid by the comptroller $8,335.56, on October 21, 1872. The work on South Fifth avenue was duly accepted on the 21st of December, 1872, and that on Church street was accepted on the 18th of January, 1873, so that the whole of the above balances became due on or before the 19th of February, 1873. The comptroller refused to pay anything farther on the work, and a motion was made for a mandamus to compel him to pay.

An alternative writ was granted, to which he made a return, in which he set up, among other things, "Fourth. That if the relator had any valid claim against the mayor, aldermen and commonalty of the city of New York, under the said alleged contracts, or either of them, said relator has a clear, ample and adequate remedy for the enforcement of said claim, in an action of law against said city."

On that return, a motion to quash the return and for a peremptory mandamus was denied, the judge delivering his decision in the following words: "The fourth paragraph of the comptroller's return is sustained, and the motion to quash such return, and for a peremptory mandamus, notwithstanding, is denied, with $10 costs."

From that decision this appeal is taken.

*A. R. Lawrence, Jun.*, for the appellant.

*E. Delafield Smith*, for the respondent.

INGRAHAM, P. J. It has been the uniform course of decision in this court, for some time past, that a party has no right to a mandamus to compel the payment of a money demand on contract; where a proper remedy exists by action. More especially is such a rule proper where the facts upon which the claim is based are disputed.

In the present case the comptroller denies the validity of the contract, charges that it was illegally made, and that the prices charged are excessive. A reference, or an issue, would be necessary to try these questions, if it were proper to do so in this case; and they would be much better tried in an action against the city, upon the contract.

There are doubtless some cases of claims against the city where a mandamus is proper—as where it is asked by reason of the refusal of some officer to do his part of the duty necessary to enable the claimant to obtain his pay, if the claim is not disputed; or where some duty is to be performed, other than the mere payment of a debt; or where the remedy by action is inappropriate. This case does not come within any of those exceptions.

The order should be affirmed.

BRADY, J. The specific duty to be performed by the comptroller is to borrow, from time to time, by the issue of assessment bonds, such sum as shall be necessary to pay the expenses incurred by a contract such as contemplated by the statute; but the obligation to be discharged in the manner directed, must be legally incurred. Whether it was or not the city has the right to inquire, and to secure such an investigation, the rule against the allowance of a mandamus is invoked. Neither in England nor in this state has a mandamus been allowed where there was a remedy by action and a reasonable doubt as to the validity of the claim, or any conclusion that it should be examined by due pro-

cess of law.   If the duty be specifically created, and the obligation indisputable, it may be otherwise.   Chief Justice Ingraham has stated the rule in this state, and it has been applied in several proceedings of this character, against the respondent.

[FIRST DEPARTMENT, GENERAL TERM, at New York, November 3, 1873. *Ingraham* and *Brady,* Justices.]